## WALKER *v.* O'NEILL MANUFACTURING COMPANY.

1. Where a chose in action is owned by several individuals jointly and suit instituted by one of them alone, making no reference in the pleadings to the joint ownership, or to the other individuals, and the plaintiff obtains judgment in his individual name, without reference to the others, the judgment does not create a lien against the defendant in favor of those who were not named therein.

1 (*a*) A sale of the execution issued upon such judgment by the plaintiff named therein to the defendant satisfies the claim of the plaintiff.

2. Where an attorney at law, asserting the statutory lien for attorney's fees, seeks to collect the same from the defendant in fi. fa. after settlement with the plaintiff, and, testifying in his own behalf, fails to state clearly and unequivocally the terms of the contract of employment, or the amount due him, either by express or implied contract, but testifies affirmatively that after the settlement between the parties the plaintiff sent him a check which recited that it was "in full for fees," and that he indorsed and collected the check without raising any question with the plaintiff that it was not in full satisfaction of the fees, such acceptance and use of the check, without explanation, authorizes the court to hold as a matter of law that no attorney's fees were due.

3. The uncontradicted evidence in this case, when considered in that view most favorable to the contentions of the plaintiff, demanded a verdict for the defendant, and the court did not commit error by so directing.

Argued April 20,—Decided August 9, 1907.

Illegality. Before Judge Wright. Floyd superior court. May 9, 1906.

*Henry Walker* and *C. N. Featherston,* for plaintiff.

*Denny & Harris,* for defendant.

ATKINSON, J. An attorney at law had in his hands for collection separate claims against a debtor in favor of four separate creditors. The debtor was insolvent, and at a sale of his assets by a receiver the attorney at law purchased for his own use an open account due to the debtor by another person. The attorney then notified his four clients of his purchase, and offered to let them have the account so purchased if each would pay sums proportionate to their respective claims sufficient in amount to reim-

burse him. They agreed, and paid him the money. After such payment, the attorney at law, for convenience, sued the account so purchased in the name of one of his clients only, the record not disclosing that any other person had any interest therein. Judgment was obtained. Thereupon garnishment proceedings were instituted against the employer of the defendant, and judgment was obtained against the garnishee. In the garnishment there was no suggestion of any other party plaintiff than the sole creditor, the Ahrens & Ott Manufacturing Company, in whose name suit had been originally instituted. After the rendition of the judgment in the garnishment proceeding, the attorney caused execution to issue thereon and retained it in his possession. Afterwards the attorney in his individual name sought to purchase the execution from the plaintiff. The purchase-price was agreed upon, and the attorney entered upon the execution a blank assignment thereof to himself and forwarded the same to the plaintiff for the purpose of having the assignment executed by the plaintiff, and, at the same time, authorized a draft to be drawn by the plaintiff on him for the purchase-price. The assignment was executed according to directions, with the exception that the date was omitted. On account of that omission the attorney was unwilling to accept it. Upon this point we may quote from the testimony of the attorney as follows: "Seeing the date to be filled in by them had not been filled in, after holding it for quite a while, the fi. fa. was returned to them to supply the date. It remained quite a while in their hands, and was finally returned to me undated. . . For several days before, and at the time of that payment of July 17th, I had the fi. fa., had it on the 8th or 10th of July. I had the fi. fa. levied, and this illegality was interposed to the levy." There was nothing said by the attorney at law indicating that the purchase contemplated a credit transaction. On the contrary, testimony was introduced to the effect that it was a cash transaction, which fact does not appear to be in any way contested by the attorney. Pending the negotiations above recited, the defendant in fi. fa. also entered into negotiations with the plaintiff in fi. fa. for the purchase of the execution, and succeeded, in consideration of the true amount of the principal and interest and cost due to the plaintiff, without respect to any of the three other alleged creditors, whose names were not disclosed by the judgment, in obtain-

ing from the plaintiff a written assignment .in these words: "Louisville, Kentucky, July 17, 1900. Received of O'Neill Manufacturing Company of Rome, Georgia, $257.99 in full and complete settlement of all our interests in a certain judgment of the superior court of Floyd County, .Georgia, which was rendered on the 12th day of April, 1899, in favor of the Ahrens & Ott Manufacturing Company v. O'Neill Manufacturing Company as garnishees." The consideration expressed in this assignment, $257.99, is the same payment to which reference was made in the testimony of the attorney above quoted, as having been made on "July 17th." It thus appears from the testimony of the attorney, who was the plaintiff in error in the present case, that at the time of the purchase of the execution by the defendant, the execution was actually in his hands, delivered to him by the plaintiff. There was undisputed testimony to the effect that the attorney did not pay the purchase-price which he agreed to pay for the execution, but, having possession of it under the ' circumstances already enumerated, he caused the same to be levied on the defendant's property. After the levy, the defendant filed an affidavit of illegality upon the ground, among others, that the fi. fa. had been paid and fully satisfied by the defendant by reason of the payment of the sum of $257.99 hereinbefore recited. The foregoing statement deals with that view of the case which is most favorable to the contentions of the plaintiff in error. The court directed a. verdict in favor of the defendant in fi. fa.

1. To sustain the judgment refusing to grant .a new trial, the evidence, when considered in its most favorable light for the plaintiff in error, must have been of such character as to demand a verdict against him. Considering the evidence .in this light, we are unable to see that the plaintiff in error acquired any interest in the fi. fa. by purchase. His negotiations were not prosecuted to the completion of a purchase. The contemplated sale to him was a cash transaction. He received and inspected, but did not accept the article tendered, and did not pay the purchase-price. Under such conditions the title did not pass. See, in this connection, *Starnes* v. *Roberts,* ante, 718. Other than these unconsummated and ineffectual negotiations, there was nothing to interfere with the right of the plaintiff, the Ahrens & Ott Manufacturing Company, to sell the' fi. fa. to the defendants therein named.

The plaintiffs did sell all of their interests and make a valid assignment therein in writing. When they sold their interests, they sold the entire execution, because there was no other party plaintiff, and consequently no one else to be consulted. Whatever may have been the interests of other persons in the subject-matter of the suit which resulted in the first judgment, those interests could not, under the condition of the record, be traced into the present judgment so as to acquire a lien upon the defendant's property. The plaintiff, the Ahrens & Ott Manufacturing Company, did not in either suit pretend to proceed for the use of any person except themselves. If other parties had an interest in the original execution, they would have been proper parties to the first suit and could have obtained an interest in the judgment, but as against the defendants there is no theory by which they could remain out of the case until judgment and then claim by force of the judgment a lien upon the defendant's property. See, in this connection, *Whitman* v. *Bolling*, 47 *Ga.* 125; *Smith* v. *Pate*, 51 *Ga.* 246; *City Bank of Macon* v. *Crossland*, 65 *Ga.* 734 (4).

2, 3. But it is insisted that the plaintiffs, by a sale of the execution, could not defeat the lien of the attorney for his fees, and that he had a right to have the execution proceed for the purpose of enabling him to collect his fees. It is contended that his lien exists under the provisions of the Civil Code, §2814, par. 2, which provides that attorneys at law shall have a lien "upon suits, judgments, and decrees for money, superior to all liens but tax liens, and no person shall be at liberty to satisfy said suit, judgment, or decree until the lien or claim of the attorney for his fees is fully satisfied; and attorneys at law shall have the same right and power over said suits, judgments, and decrees, to enforce their liens, as their clients had or may have for the amount due thereon to them." In order to support the claim of lien, the burden of proof was upon the attorney to show the existence of a valid judgment and execution. It is conceded by the defendants, that, to the extent of the amount which they paid to Ahrens & Ott Manufacturing Company, as purchase-money for the execution, there was a valid judgment and execution. It is not necessary, therefore, to inquire whether upon that point the burden of proof was supported. The burden was also upon the party asserting the lien to show the amount of attorney's fees due at the time of the trial,

for which it was claimed that he had a lien. The attorney testified in his own behalf, and was in a position to testify clearly and unequivocally as to whether any particular amount had been agreed upon between himself and his client as a fee; if so, what amount; and if none had been agreed upon, then to express his opinion as to the reasonable value of the services rendered by him to the plaintiff in recovering the judgment. As a matter of fact he did not testify that the amount of his fee had or had not been fixed by agreement between himself and his client, and he did not express his opinion as to the value of his services to the plaintiff, separate and distinct from all of the services which he rendered to all of his clients, three of whom he contended had interests in the judgment, but none of whom were parties thereto. It has already been seen that the execution could not have been enforced against the defendant for the benefit of the clients of the attorney, other than the plaintiff in execution, for the recovery of the principal and interest alleged to be due them. If the execution could not be enforced for their benefit for the collection of the principal and interest alleged to be due them, for the same reason it could not be enforced for the benefit of the attorney for such attorney's fees as they may have been liable to pay him. As to those claims he had no judgment, and it follows that he had no lien against the defendants.

With respect to the indebtedness of the plaintiffs in fi. fa. to the attorney for counsel fees, and the amount thereof, if any such debt existed, it is readily seen that the testimony of the attorney thus far considered is not clear and unequivocal. But there was further evidence upon the subject. The attorney testified that after the payment of the $257.99 had been made by the defendant to the plaintiff as purchase for the fi. fa., "I received a little check for $13, reciting that it was in full for fees. The check was mislaid; when found some time afterwards, I indorsed it and collected it." No explanation is made by the attorney as to why he indorsed and collected the check, if he did not receive it in full payment of counsel fees due by the plaintiff. If he did receive it as such, that was the end of his contention for counsel fees. If he did not receive it as such, the burden was upon him to explain. In the absence of explanation it will be deemed that whatever may have been the amount agreed upon, or whatever the

value of the services, the check satisfied his claim. See, in this connection, *Jenkins* v. *National Building Association,* 111 *Ga.* 732; *Walker* v. *Wadley,* 124 *Ga.* 286. Under this view of the attorney's evidence, there was not, upon the subject of attorney's fees, any issue to be submitted to the jury. Upon the case as a whole, there was no error in directing a verdict.

*Judgment affirmed. All the Justices concur.*