## REYNOLDS BANKING COMPANY *v.* NEISLER.

The evidence in this case, when considered most favorably to the contentions of the plaintiff, demanded a verdict for the defendant, and the court erred in refusing to grant a new trial.

Argued February 12.—Decided June 11, 1908.

Trover. Before Judge Little. Taylor superior court. February 9, 1907.

*R. S. Foy,* for plaintiff in error. *Moore & Moore,* contra.

ATKINSON, J. On the trial of an action of trover the evidence, taken most favorably for the plaintiff, showed that the plaintiff deposited cotton with a warehouseman and obtained receipts for the same. He borrowed money from the defendant, a banker, and executed notes therefor, payable on demand. He also made notes to other persons, which were discounted at the defendant's bank.

As collateral security for the notes payable to the defendant, the plaintiff attached to said notes the warehouse receipts for the cotton sued for. Without having made demand for payment of the notes, the defendant surrendered the receipts to the warehouseman, for the purpose of effecting a sale; whereupon the cotton was sold by the warehouseman, without authority from the plaintiff, and the net proceeds of the sale were delivered to the defendant. The money was sufficient to pay all that was owing on all of the notes, except $2.80, and was immediately credited against all of the indebtedness referred to. All of the notes, except one payable to another person and discounted with defendant, were satisfied. The note left unsatisfied was duly credited with all that was due thereon, except $2.80. The defendant immediately sent to the plaintiff a full report of the sales and the application of the proceeds, and also returned all of the notes to him, duly cancelled, except the one left unsatisfied. The plaintiff was sick at the time of receiving the report and return of the notes, and, about two weeks afterwards, when demand was made for the remaining $2.80, complained for the first time that the cotton had been sold without his authority. The defendant replied that if any one was liable for damages on account of a wrongful sale, it was the warehouseman, and insisted on the payment of the $2.80, which was then paid and the remaining note was surrendered to the plaintiff. There was no offer then, nor afterwards, to return the cancelled notes, but, after full notice of the sale and of the fact that the proceeds of the sale had been applied to their satisfaction, he continued to hold them and instituted a suit in trover for the cotton. Under the facts enumerated, the conduct of the plaintiff amounted to a ratification of the conduct of the defendant, connected with the sale of the cotton and the application of its proceeds; and a verdict in favor of the plaintiff was unauthorized by the evidence. See *Walker* v. *O'Neill Mfg. Co.*, 128 *Ga.* 831 (3), (58 S. E. 475); *American Exchange Bank* v. *Georgia Construction & Investment Co.*, 87 *Ga.* 651-7 (13 S. E. 505); *Haney Co.* v. *Hightower Institute*, 113 *Ga.* 289 (2), (38 S. E. 761); Civil Code, §§3019, 3021.          *Judgment reversed. All the Justices concur.*