APPERSON· *v.* APPERSON.

No. 7277. DECEMBER 13, 1929.

*William F. Wimberly Jr.* and *Park & Henson,* for plaintiff in error.

*Wright & Davis,* contra.

HINES, J. Carolyn M. Apperson filed her libel for divorce against Lawrence L. Apperson, returnable to the November term, 1928, of the superior court. In her original petition she did not claim alimony. By an amendment filed on May 2, 1929, she alleges that a minor son of the marriage is in her care and custody, that she has no occupation or means of earning a livelihood for herself and the minor son, that she is entitled to temporary and permanent alimony for the support of herself and the minor child, and to attorney's fees; that on October 10, 1928, her husband entered into a contract with her, agreeing to pay her certain sums as alimony for the support of herself and the minor child, and that she attaches to her amendment a copy of said contract as exhibit A. She prays that she have custody of said minor child, that she be granted permanent and temporary alimony for the support of herself and said minor child, and attorney's fees for the prosecution of her action for divorce, and that the contract between her and her husband be made the judgment of the court in

granting temporary and permanent alimony for herself and minor child. This exhibit is not attached to the copy of the amendment to the petition as it appears in the record in this case. The defendant demurred to this amendment, upon the grounds (a) that it does not allege any failure on his part to comply with the contract attached to and made a part of said amendment, (b) that all questions of separate support and maintenance have been settled by said contract, (c) that plaintiff is not entitled to the relief therein prayed, and (d) that the amendment sets up no cause for equitable relief, and on its face shows that plaintiff has a complete and adequate remedy at law. The court overruled this demurrer, and the defendant excepted. On the hearing of the application of the wife for temporary alimony and counsel fees, the defendant admitted the execution and delivery of the contract. No evidence was introduced. The judge awarded to the wife as temporary alimony for herself and minor child a sum equal to the payments specified in the contract above referred to, at the times and in the manner specified therein, and in his judgment provided that the payment by the husband to the wife of the amounts specified in said contract shall fully satisfy and discharge the temporary alimony awarded herein. The judge refused to inquire into the payment of amounts accruing under said contract prior to the date of his judgment, and provided that the provisions of the judgment should apply only from the date thereof. He awarded custody of the minor child to the wife. To so much of said judgment as awarded to his wife temporary alimony the husband excepted and assigns error upon the ground that it was contrary to law and without evidence to support it, and that it was an abuse of discretion of the trial judge.

1. Where prior to or pending a libel for divorce the parties between themselves by contract agreed upon specified sums to be paid to the wife at stated intervals by the husband, for the support and maintenance of the wife and their minor son, it was error for the court to* make provision by way of temporary alimony for the support and maintenance of the wife and minor child, in the absence of an allegation in the wife's pleadings of the failure of the husband to pay the amounts of alimony provided for in said contract, or any proof of such failure, and in the absence of any allegation in the wife's amendment to her libel or other pleading that the

contract for alimony provided that it was to be made the judgment of the court. *McLaren* v. *McLaren, 33 Ga. Supp.* 99. It would be otherwise if the wife's amendment to her libel, in which she sought temporary alimony, had alleged that the husband was in default in the payment of the sums which he agreed to pay the wife for the support of his wife and child, or if it had been alleged by the wife that the contract provided that it should be made the judgment of the court.

2. The court erred in overruling the demurrer to the wife's amendment to her petition; and this ruling renders nugatory the judgment of the court awarding temporary alimony for the support of the wife and her minor child.

*Judgment reversed. All the Justices concur.*