## HIGHTOWER *v.* HIGHTOWER.

No. 15909.   SEPTEMBER 6, 1947.

*Phillip Sheffield,* for plaintiff in error.   *Miller & Miller,* contra.

ATKINSON, Justice. Bettie Lucile Hightower filed in Clay Superior Court a suit for divorce, temporary and permanent alimony, and attorney's fees against Henry Hightower, alleging that on July 15, 1944, she and the defendant were married, and that on March 16, 1947, they separated because of cruel treatment by the defendant, which affected her health. The defendant answered, denying that the separation was the result of any conduct or fault on his part, and stating that, on the contrary, the plaintiff left him of her own free will, thereby relinquishing her right to any support or claim for alimony. On the hearing for temporary alimony, the evidence was conflicting as to who was at fault, and whether the plaintiff, who was suffering with diabetes, left on account of the cruel treatment on the part of the defendant or of her own free will. After hearing evidence, the trial judge ordered that the defendant pay temporary alimony of $30 a month, and awarded $50 as attorney's fees. The defendant excepted to this judgment.

"On application for temporary alimony, the merits of the cause are not in issue, though the judge in fixing the amount of alimony may inquire into the cause and circumstances of the separation rendering the alimony necessary, and in his discretion may refuse

it altogether." Code, § 30-205. Under numerous decisions of this court, the discretion of the judge in allowing or disallowing temporary alimony under this section will not be controlled unless that discretion is shown to have been abused. Under the conflicting evidence, and other evidence before the court, it can not be said that any abuse of discretion appears in the allowance of such alimony. *Cook* v. *Cook*, 197 *Ga.* 703 (30 S. E. 2d, 479), and cases cited.

Accordingly, the judgment allowing temporary alimony will not be disturbed.

*Judgment affirmed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*