### MURRAY *v.* MURRAY.

No. 17019. MARCH 14, 1950. REHEARING DENIED MARCH 27, 1950.

*Eugene M. Kerr,* for plaintiff in error.
*Randall Evans Jr.,* contra.

Atkinson, Presiding Justice. (After stating the foregoing facts.) ■ Though the judgment in the original divorce case had been set aside as being null and void by reason of having been prematurely granted (see *Murray* v. *Dukes,* 204 *Ga.* 865, 52 S. E. 2d, 468), yet the case was still pending when the hearing on the ancillary petition for temporary support of the child was held, although it was more than three years after the filing of the suit for divorce. Accordingly, with the divorce suit pending, the retroactive portion of the judgment, wherein the child was awarded $450, payable $10 per month, to cover the period from the time the divorce suit was filed until the hearing on the rule nisi, was a proper element of temporary support. *Swearingen* v. *Swearingen,* 19 *Ga.* 265 (4); *Wright* v. *Wright,* 117 *Ga.* 867; *Killingsworth* v. *Killingsworth,* 148 *Ga.* 590 (2) (97 S. E. 539); *Conley* v. *Conley,* 152 *Ga.* 184 (5) (108 S. E. 777); *Hobbs* v. *Hobbs,* 158 *Ga.* 571 (4) (123 S. E. 891).

■ The award of $30 per month for temporary support of the child, and the additional award of $100 attorney's fees, payable $10 per month, were proper items for consideration in the determination of temporary support for a minor child, under Code §§ 30-202 and 30-206.

■ While the three items in the aggregate require the payment of $50 per month, and the evidence showed that the earnings of the defendant were $55 per week, this was a question in the discretion of the trial judge; and this court cannot say, as a matter of law, that the trial judge abused his discretion. *Hightower* v. *Hightower,* 202 *Ga.* 643 (44 S. E. 2d, 116).

*Judgment affirmed. All the Justices concur.*