19644.   FINCH *v.* FINCH.

Argued March 12, 1957—Decided April 9, 1957—Rehearing denied April 24, 1957.

Robert W. Spears, Wm. G. Grant, James C. Grizzard, for plaintiff in error.

John L. Westmoreland, John L. Westmoreland, Jr., Claude R. Ross, contra.

DUCKWORTH, Chief Justice. "Alimony is an allowance out of the husband's estate, made for the support of the wife when living separate from him. It is either temporary or permanent." Code (Ann.) § 30-201. The obvious meaning of the foregoing must not be confused with anything said in *Hayes* v. *Hayes,* 191 *Ga.* 237 (11 S. E. 2d 764), where the question decided was whether the Supreme Court or the Court of Appeals had jurisdiction of the writ of error seeking review of a judgment rendered in a suit by a former wife against her former husband based upon a contract between them settling her claim or right to alimony. The fundamental basis of the law is to require the husband to pay necessary expenses of his wife and minor children. Such payments, irrespective of the specific expense they satisfy, whether food or attorney's fees, are all alimony, and are embraced in that term.

There simply is no law forbidding the voluntary payment pursuant to the terms of a contract between the parties instead of by order of court. Indeed the decisions of this court, in *Folds* v. *Folds*, 187 *Ga.* 463, 466 (1 S. E. 2d 4), and *Cagle* v. *Justus*, 196 *Ga.* 826 (28 S. E. 2d 255), and Code § 20-1205, leave no doubt but that law and equity not only allow but strongly encourage private settlements of family affairs. Where, as in this case, the indisputable facts show an agreement between the husband and wife, in the making of which the wife's attorney participated and approved, and the trial judge expressed his approval—thus refuting any idea of fraud or unfairness—and that agreement expressly covers "temporary alimony" and has been performed at an expense to the husband of $9,000, as stipulated, which the wife accepted and now retains, when it has been fully performed by the husband, to impose upon him an additional payment of $4,500 attorney's fees for his wife, would be unfair and would penalize him for performing his contract. As a matter of law "temporary alimony" includes attorney's fees the same as food, and hence, the settlement of temporary alimony was a settlement of attorney's fees. *Thomas* v. *Smith*, 185 *Ga.* 243 (194 S. E. 502); *Brim* v. *Brim*, 185 *Ga.* 359 (195 S. E. 157); *Hamby* v. *Pye*, 195 *Ga.* 366 (24 S. E. 2d 201); *Murray* v. *Murray*, 206 *Ga.* 702 (58 S. E. 2d 420). Judicial approval of the judgment excepted to would prevent all sensible husbands in the future from voluntarily agreeing with their wives on settling their obligations for temporary alimony. Thus would be left for courts to do what the best interest of the parties and of society would demand that the parties do for themselves privately. The sworn testimony of the wife in this record is that she had an agreement with her husband to settle all her alimony for $450 per month, which meant temporary, as elsewhere shown in her testimony.

The provisions of Code (Ann.) § 30-211 for the husband in cases of (1) voluntary separation, or (2) where the wife is abandoned or driven off by the husband to voluntarily, by deed, make adequate provisions for the wife's support and thereby bar "her right to permanent alimony," must not be confused with temporary-alimony settlements. There is no express statutory

law dealing with settlements of temporary alimony. But expressions of this court leave no doubt but that they are lawful and enforceable as a bar to the wife's recovering temporary alimony in court. *McLaren* v. *McLaren*, 33 *Ga.* (Supp.) 99; *Apperson* v. *Apperson*, 169 *Ga.* 593 (150 S. E. 827).

Although the agreement contained no authorization that it be made the judgment of the court, and hence the court could not lawfully make it such, the abortive attempt to make it such was no valid legal basis for the subsequent judgment awarding additional attorney's fees. Having thus found that the parties by contract had settled temporary alimony, which all lawyers know includes attorney's fees, the judge could allow an additional sum as counsel fees only by repudiating the approval just given, and even the law itself. But his order thereinafter to pay $500 on attorney's fees can be construed consistently with the previous portion thereof which approved the settlement of temporary alimony by holding that it meant for this $500 to come from the total amount covered by the approved agreement. We will not attribute to the judge a lack of knowledge of the legal meaning of the agreement to include attorney's fees, nor an intention to render an illegal judgment. Accordingly, we hold that no previous lawful judgment awarding temporary alimony had been entered, and consequently the judgment awarding additional attorney's fees and expenses of litigation was contrary to law and is reversed.

*Judgment reversed. All the Justices concur, except Wyatt, P. J., Almand and Mobley, JJ., who dissent.*

ALMAND, Justice, dissenting. Whether the order awarding additional attorney's fees in January, 1957, at the conclusion of the trial on the issues of a total divorce and permanent alimony was or was not erroneous, depends upon the nature, effect, and consequences of the order of June 28, 1955, when the court on the plaintiff's prayers for temporary alimony did not fix temporary alimony for the support of the plaintiff and the minor child, but approved the oral agreement between the parties as to the amount of alimony the defendant would pay monthly to the plaintiff until the trial of the suit for divorce and permanent alimony. In this order, the defendant was ordered to pay attor-

ney's fees to plaintiff's counsel "in the sum of $500 on account of attorney's fees." The defendant did not file any direct exceptions to this order but complied with it by paying the $500 as directed by the order "on account of attorney's fees."

In his bill of exceptions, the defendant attempts to assign error on the order of June 28, 1955. He cannot now be heard to complain of this order. The defendant had the right to file direct exceptions to this order within 30 days from its rendition. Code § 6-903, as amended by Ga. L. 1946, p. 726 and Ga. L. 1953, Nov.-Dec. Sess., p. 279. See *Walker* v. *Walker*, 178 *Ga.* 663 (173 S. E. 828). That order, until it was modified or set aside, became the law of the case, and the defendant cannot now question its validity or its consequences. He complied with the order and cannot be permitted to question the authority of the court to award plaintiff's counsel the sum of $500 "on account of attorney's fees."

The order of June 28, 1955, only approved the settlement of temporary alimony for the support of the wife and child. It left open for trial the question of permanent alimony. Even if this contract would have prevented the wife from seeking temporary alimony in a sum at variance with the agreement, the court on her petition had the authority to award attorney's fees. *Byrd* v. *Byrd*, 157 *Ga.* 787 (122 S. E. 193). At the time when the agreement as to temporary alimony was approved by the court, the wife's suit for divorce and permanent alimony was pending, and counsel fees are allowable on a suit for permanent alimony alone or in connection with a suit for divorce. *Wise* v. *Wise*, 157 *Ga.* 814 (3) (122 S. E. 210). In approving the agreement of the parties as to temporary alimony, the judge approved it with the further provision that the defendant should pay a stipulated sum on account of counsel fees. He had authority to approve the agreement in whole or in part, or to add further provisions. *Amos* v. *Amos*, 212 *Ga.* 670 (95 S. E. 2d 5). Having awarded a named sum "on account of attorney's fees" in his order of June 28, 1955, which order and its terms stood unreversed and unmodified at the time of the trial of the suit for permanent alimony and a divorce, the court had the power to award additional fees to counsel for the wife. No contention being made that the sum

awarded was excessive, the judgment allowing such additional counsel fees was not erroneous and should be affirmed.

*Wyatt, P. J., and Mobley, J., concur in this dissent.*