### 28584. BARNETT v. BARNETT.

INGRAM, Justice. This is an appeal by a wife from an award of temporary alimony entered in DeKalb Superior Court. Primarily, appellant urges that the trial court abused its discretion by making an inadequate award to her and also abused its discretion in not awarding adequate attorney fees to her counsel at the interlocutory hearing.

The needs of the wife and the husband's ability to pay are the criteria to be employed by the trial court in exercising its discretion as to temporary alimony under Code §§ 30-202 and 30-203.

The temporary award made to appellant consists of $650 per month, the use of all the furniture of the parties and their apartment, together with the use of an automobile. The trial court's order also awarded $500 in attorney fees on account to the wife's attorney and enjoined both parties from increasing their personal indebtedness through the use of charge accounts.

The record showed the appellee is a dentist and that the trial judge heard from both parties and considered evidence as to all the circumstances of the wife's needs and the husband's ability to

pay. It is not necessary to relate this evidence in detail. The record shows there was a conflict in the evidence which authorized the trial court to use its discretion in determining the amount of its award. In such instances, this court will not interfere with the trial court's discretion unless there is a flagrant abuse of discretion. No abuse of discretion is shown by the present record. *Hewlett v. Hewlett,* 220 Ga. 656 (2) (140 SE2d 898).

As noted by this court in *McGee v. McGee,* 10 Ga. 477, 491, "We are the less disposed to interfere for another reason, and that is this, to wit: the order is operative only until farther [sic] order of the court. If it was not so in terms, the court below has power to modify it—to enlarge or reduce the amount, in the exercise of a sound judicial discretion." The temporary order appealed from in this case expressly provided, by direction of the trial court, that it was the court's intention "to amend or to modify this order at a later date upon a showing by either party of a change in the financial condition of the defendant or in the needs of the plaintiff." While such a provision was not essential to a subsequent modification of this temporary order, it discloses the trial court affirmatively encouraged the parties to seek a modification if the circumstances should warrant it. We hold the trial court did not abuse its discretion in making the temporary award of alimony entered in this case.

We reach a similar conclusion with respect to the award of attorney fees made to wife's counsel at the interlocutory hearing. There was no testimony presented as to the amount of professional time expended by counsel in preparing the case in her behalf. The trial judge, considering the evidence presented as to the circumstances of the case and the parties, made an award of $500 at the hearing. No abuse of discretion is shown by this award, and absent such an abuse, this court will not control the amount awarded as attorney fees. *Murray v. Murray,* 206 Ga. 702 (3) (58 SE2d 420). This is especially true in view of the provision made in the temporary order that the $500 awarded was made "on account," indicating the court contemplated making an additional award at a later stage of the case.

A final enumeration of error asserts that the "trial judge flagrantly abused his discretion in making an absolute prohibition on the wife from using credit in any form to provide herself with necessities." The temporary order enjoins both

parties "from creating any new or additional indebtedness by the use of charge cards, charge accounts or other extension of credit to them . . ." Neither party specifically prayed for this relief in the pleadings nor sought it at the hearing but the trial court felt it would be wise and serve the interests of both parties to include this provision in its order.

The wife is a feme sole as to her separate estate and the court has no power to prohibit her from using credit extended solely to her in her individual capacity. The court was authorized to prohibit the wife from using the credit of the husband for necessaries but not to enjoin the wife from incurring personal liability. See Code §§ 53-503, 53-507, 53-508, and 30-215. We find this enumeration of error is meritorious and hold that the portion of the trial court's order prohibiting the wife from using credit in her individual name is legally ineffectual.

*Judgment affirmed in part; reversed in part. All the Justices concur.*
SUBMITTED JANUARY 17, 1974 — DECIDED MARCH 7, 1974.

*Frank M. Eldridge,* for appellant.
*Heyman & Sizemore, Gerald M. Edenfield,* for appellee.