## 29596. YOUNG v. YOUNG.

GUNTER, Justice.

This is an appeal from a judgment holding the appellant (former husband) in contempt for violation of a final judgment that awarded divorce and alimony. That judgment, entered July 5, 1974, provided that the appellant would pay one-half of a debt to a bank in the amount of $8,613.65. The judgment also ordered him to pay $250 attorney fees for the appellee's attorney.

The judgment also listed other debts that were to be paid, and then this language followed: "It is not the intention of this decree of court to preclude either or both of the parties from seeking any debtor relief, including bankruptcy, which may be available to them under the law so as to effectively discharge their liability from any part or portion of the above indebtedness."

The appellant was adjudicated a bankrupt on August 1, 1974. Appellant's contention here is that he could not be held in contempt for failure to pay the bank debt, because it had been discharged by the bankruptcy; and he could not be held in contempt for failure to pay the attorney fees due in the divorce action, because that payment had not been demanded by either the attorney or the appellee.

The record shows that the debt to the bank was the joint debt of appellant and appellee, and it was secured by a lien on the residence owned by the appellee. The other debts listed in the divorce judgment were debts for which only the appellant himself was liable.

We construe the original judgment to mean that the appellee was awarded lump-sum alimony in the amount of one-half of the bank debt, thereby reducing the lien-indebtedness on appellee's residence by that amount. The other listed debts, all debts of the husband alone, were ordered to be paid, but the judgment also provided that there was no prohibition against his discharging those debts through bankruptcy. Those debts were not alimony payments.

Also, an award of attorney fees for the wife in a divorce action comes within the category of alimony under our law. See *Finch v. Finch,* 213 Ga. 199 (97 SE2d 576) (1957); *Harrison v. Harrison,* 208 Ga. 70 (65 SE2d 173) (1951); *Hamby v. Pye,* 195 Ga. 366 (24 SE2d 201) (1943); *Thomas v. Smith,* 185 Ga. 243 (194 SE 502) (1937).

Section 17A (7) of the Bankruptcy Act (11 USCA, Sec. 35 (a)) provides in part: "A discharge in bankruptcy shall release a bankrupt from all his provable debts allowable in full or in part, except such as . . . (7) or for alimony due or to become due, or for maintenance or support of wife or child . . ."

We therefore hold that the bank indebtedness and the attorney fees were alimony awarded for the maintenance or support of the former wife and were not discharged by the bankruptcy adjudication.

The contempt judgment appealed from also awarded additional attorney fees to the attorney for the appellee for services rendered in the contempt action. Appellant contends that this was error, because the appellee did not have a justifiable reason for bringing the contempt action.

The award for attorney fees in a contempt action pursuant to Code Ann. § 30-219 is not error if the judgment finding the appellant in contempt of court was authorized. *Scott v. Scott,* 229 Ga. 30 (189 SE2d 72) (1972).

The contempt judgment rendered below was not erroneous.

*Judgment affirmed. All the Justices concur.*

Argued January 16, 1975 — Decided April 29, 1975.

*Farmer, Fanning & Potterfield, Millard C. Farmer, Jr., Amanda P. Potterfield,* for appellant.

*Beck, Goddard, Owen & Murray, John H. Goddard, Jr., Samuel A. Murray,* for appellee.