## 31625. RICHARDSON v. RICHARDSON.

PER CURIAM.

The former husband appeals an award of attorney fees to the former wife, asserting two enumerations of error.

The wife filed suit for divorce in October 1974. By order entered in February 1975, the trial court awarded temporary child custody to the wife, $1,400 per month temporary alimony and child support to the wife, and $1,500 as attorney fees to her counsel (the attorney fees were made payable at the rate of $250 per month "until paid in full").

The husband paid the attorney fees ordered. On his last check dated in May 1975 he added the notation "Accepted as payment in full for attorney's fees in Case No. B-99958. . ." That check was accepted by the wife's attorneys.

After further proceedings in and out of court, in May 1976 a settlement agreement was negotiated as to property settlement and alimony. The parties were unable to agree as to attorney fees and that matter was reserved by the agreement for determination by the court.

The husband filed a plea of accord and satisfaction based upon the acceptance of his check. His plea was overruled, additional attorney fees were awarded, and he appeals.

1. The husband contends that an award of attorney

fees in a temporary alimony order is a final and complete award of attorney fees. The husband cites Code Ann. § 30-202.1, *Barnett v. Barnett,* 231 Ga. 808 (204 SE2d 168) (1974), *Morris v. West,* 183 Ga. 214 (187 SE 861) (1936), and *Powell v. Powell,* 200 Ga. 379 (3) (37 SE2d 191) (1946), in support of his argument that an award of attorney fees is a final judgment, unless the court specifies in the temporary order that the attorney fees are to be paid "on account." The husband seeks to have us hold that because an award of attorney fees is a final (and therefore enforceable) judgment, it is also final in that it is complete unless the court expressly reserves jurisdiction to amend its order.

Code § 30-202.1 provides expressly "that nothing contained herein shall be construed to mean that attorneys' fees shall not be awarded at both the temporary hearing and the final hearing." In *Barnett,* supra, we declined to hold that an award of attorney fees in a temporary alimony order was inadequate where there was no testimony as to the professional time expended by counsel in preparing the case for the wife. We added (231 Ga. at 809): "This is especially true in view of the provision made in the temporary order that the $500 awarded was made 'on account,' indicating the court contemplated making an additional award at a later stage of the case." *Barnett* simply pointed out that if the first award of attorney fees was insufficient to cover the wife's legal expenses for the entire litigation, a second award could be made. *Barnett* does not hold that the words "on account" must appear in the temporary order to prevent the award of attorney fees from being final and complete.

The fact that a court may expressly reserve jurisdiction to make an additional award, see *Morris v. West,* supra, does not mean that such express reservation of jurisdiction is mandatory. Unlike reserving jurisdiction to award attorney fees after verdict (cf. *Powell v. Powell,* supra), the trial court does not lose jurisdiction of the matter of attorney fees simply because the term of court (at which the award was made) has ended.

The purpose of allowing attorney fees to the wife is to enable her to contest the issues between herself and her husband. The amount of such fees is to be set in accord

with this purpose. McConaughey & Hinchey, Ga. Divorce, Alimony, etc. § 8-6. At the time of the temporary alimony hearing, the trial judge frequently cannot know or foresee what issues may arise between the wife and the husband and therefore cannot make a complete and final award of attorney fees at that time. Certainly the trial judge in the case at bar, by requiring the sum awarded to be paid in monthly installments "until paid in full," did not preclude the making of a further award of attorney fees based upon the further needs of the wife and efforts of her attorneys. The trial judge did not err in awarding additional attorney fees, unless under the facts of this case such additional award was barred by accord and satisfaction.

2. The husband contends that when the attorneys accepted his check marked "Accepted as payment in full for attorney's fees in Case No. B-99958 . . ." there was an accord and satisfaction between himself and his wife. There was, however, no evidence of an accord between the husband and his wife's attorneys. The temporary order called for payment of a fixed sum, payable in monthly installments "until paid in full." The last payment by the husband was not satisfaction of an accord, but was merely payment in full of the award entered against him. At the time of that payment there was no then existing debt on which an accord could operate. The case of *Walker v. O'Neill Manufacturing Co.,* 128 Ga. 831 (2) (58 SE 475) (1907), is not in point.

In order to show an accord and satisfaction, the debtor must show an "understanding, either express or implied" that acceptance and retention of the payment by the payee is in satisfaction of the accord. *Rivers v. Cole Corp.,* 209 Ga. 406 (73 SE2d 196) (1952); see Code Ann. § 20-1204. The check was in payment in full of the attorney fees which the husband previously had been ordered to pay. Thus the notation alone is not sufficient as a matter of law to require or support a finding that its acceptance barred an application for additional attorney fees in the final divorce proceeding. See *Dixie Belle Mills v. Specialty Machine Co.,* 217 Ga. 104 (2) (120 SE2d 771) (1961); see also Vintage Enterprises v. Guerdon Industries, 365 FSupp. 465 (D.C.N.D. Ga. 1973) (applying Georgia law).

In short, the acceptance and acknowledgment of

receipt of payment in full of an existing debt does not in and of itself operate as an accord and satisfaction of an after-incurred debt or, as in this case, a subsequent award of attorney fees. See *Armour & Co. v. Ross & Barfield,* 110 Ga. 403 (7) (35 SE 787) (1900). The trial court did not err in overruling the plea of accord and satisfaction.

3. Appellee's motion for damages for delay pursuant to Code § 6-1801 is denied.

*Judgment affirmed. All the Justices concur, except Gunter and Jordan, JJ., who concur in the judgment only and Hill, J., who dissents as to Division 3 only.*

ARGUED OCTOBER 13, 1976 — DECIDED OCTOBER 26, 1976.

*William F. Woods,* for appellant.
*Greene, Buckley, DeRieux & Jones, Raymond H. Vizethann, Jr.,* for appellee.

HILL, Justice, dissenting.

I dissent from Division 3 of the opinion for the reasons stated in my dissent in *Rea v. Rea,* 237 Ga. 50 (226 SE2d 589) (1976).