In re Terry Edward LIVERMAN, f/t/a Fat Terry's Mobile Service, Bankrupt.

Terry Edward LIVERMAN, Appellant,

v.

Mary E. LIVERMAN, Appellee.

No. 77–495–N.

United States District Court,
E. D. Virginia,
Norfolk Division.

Dec. 14, 1978.

Alexander P. Smith, Norfolk, Va., for Bankrupt.

Thomas M. Haskins (Kellam, Pickrell & Lawler), Norfolk, Va., for appellee.

## OPINION AND ORDER

CLARKE, District Judge.

This matter is before the Court on appeal from order of the Bankruptcy Judge entered on September 14, 1978, wherein the Bankruptcy Court held that certain joint debts were created by the parties pursuant to a valid agreement for the payment of alimony to the appellee and that such debts are in the nature of alimony and support and nondischargeable within the meaning of the Bankruptcy Act.

Simply stated the facts are as follow. On June 13, 1977, appellant Terry Edward Liverman filed a voluntary Petition in Bankruptcy in which he listed on appropriate schedules himself and his former wife, Mary E. Liverman (appellee here), as co-obligators on certain joint debts owing to the Virginia National Bank, Mobil Oil Corporation and General Hospital of Virginia Beach. Thereafter Terry Liverman was adjudicated a bankrupt and on August 8, 1977, he received a discharge of all his provable debts scheduled in his Petition.

Prior to filing of the bankruptcy petition, Terry Liverman entered into a divorce stip-

ulation agreement with Mary Liverman dated January 12, 1973. That stipulation agreement provided that Terry Liverman was to pay $205.00 per month to Mary Liverman and in addition he was to assume, pay and hold harmless his former wife from the joint obligations to Virginia National Bank ($1,602.84), Mobil Oil Corporation ($4,814.75), and General Hospital of Virginia Beach ($1,606.30).

Mary Liverman sought to enforce certain support claims pursuant to the stipulation agreement whereupon Terry Liverman filed a complaint for a Determination of Dischargeability seeking a determination that the obligations to hold Mary Liverman harmless from the claims of their joint creditors were discharged in the initial bankruptcy proceeding. Mary Liverman denied that those obligations were discharged and counterclaimed for their enforcement.

As noted above, the Bankruptcy Court ruled Terry Liverman's obligations under the agreement concerning the joint debts were in the nature of alimony and spousal support and thus non-dischargeable under Section 17(a)7 of the Bankruptcy Act. Accordingly, judgment was entered in favor of Mary Liverman on her counterclaim against Terry Liverman in the amount of $8,023.89, plus interest and costs.

■ The Virginia Supreme Court has defined alimony as sustenance or support of a wife by her divorced husband. *Eaton v. Davis*, 176 Va. 330, 10 S.E.2d 893 (1940). Further, as noted by this Court in *In re Thomas Richard Beaumont*, No. B. 821–71–N (E.D.Va. July 6, 1973), in determining whether an agreement is one which comes within the exemption of alimony and payments for maintenance and support of Section 17(a)7 of the Bankruptcy Act, the Court must look at the nature of the contract to ascertain whether it merely provides for the division of property or whether it embodies in its terms the common law duty of maintenance and support.

■ Whether this matter is properly viewed here as a question of fact or a question of law, the judgment of the Bankruptcy Court must be affirmed. The issue is whether the stipulation agreement to pay the joint obligations of Terry and Mary Liverman, incorporated in the divorce decree, created an obligation to pay alimony or to make payments in the nature of alimony which would thereby be nondischargeable.

If viewed as a question of fact, the Bankruptcy Court was not clearly erroneous and had substantial evidence from which to conclude the parties contemplated that these obligations would be payments in the nature of alimony and spousal support, especially since it would have taken over three years for Mary Liverman to satisfy these joint obligations (not including any interest or service charges) even if all of the $205.00 monthly payments were applied to that purpose rather than to her general support.

If viewed as a matter of law, several jurisdictions have held similar agreements to constitute obligations to pay alimony or to make payments in the nature of alimony and not merely a contractual right. *See, e. g., In re Waller*, 494 F.2d 447 (6th Cir. 1974); *Young v. Young*, 234 Ga. 256, 215 S.E.2d 258 (1975).

Any difference in Virginia law on this issue is inapposite. In *Martin v. Martin*, 205 Va. 181, 135 S.E.2d 815 (1964), and *Shoosmith v. Scott*, 217 Va. 789, 232 S.E.2d 787 (1977), the Virginia Supreme Court held that agreements between spouses confirmed and incorporated as part of the Chancery court's divorce decree are not decrees for the payment of alimony where the Chancery court did not expressly order the husband to comply with the terms of the agreement. However, the divorce decree in the present dispute expressly ordered the parties to comply with the terms of the agreement.[1]

Further, the case of *In re Thomas Richard Beaumont*, No. B. 821–71–N (E.D.Va.

---

1. The Decree of Divorce entered by the Circuit Court of Virginia Beach stated
   [it is] ADJUDGED, *ORDERED* and DECREED that [the] Stipulation be and hereby is confirmed, ratified and approved by the

Court, and *that the parties fully comply with the terms of the same.* [Emphasis added] *Liverman v. Liverman*, Chancery No. 17086 (Cir.Ct. City of Virginia Beach Mar. 6, 1973).

July 6, 1973), relied upon by appellant is clearly distinguishable on several points. The agreement in that case did not show any agreement whatsoever for future maintenance or support of the wife by the husband while the Livermans' agreement expressly so provided. Second, unlike the present agreement, the agreement in *Beaumont* made no provision for payment of any obligations in the nature of alimony. Third, as opposed to the current and certain obligations in the Livermans' agreement, the Beaumont agreement involved a contingent situation with only a possibility of future obligation by the husband to his former spouse.[2]

Based on the foregoing, this Court finds both as a matter of law and a matter of fact that the decision of the Bankruptcy Court was correct that the provisions of the stipulation agreement concerning the obligation on the part of Terry Liverman to pay the subject joint debts and to hold Mary Liverman harmless on those debts created an obligation for the payment of alimony and that the debts are in the nature of alimony and spousal support and thus nondischargeable in bankruptcy. Accordingly, the Bankruptcy Court's Order is AFFIRMED.

2. The *Beaumont* case also involved a question of Iowa state law that would have prohibited the award of alimony to the wife in that case. *Beaumont, supra* at 4–5.