### IN THE

# SUPREME COURT OF THE STATE OF GEORGIA,

# AT MACON,

## JANUARY TERM, 1856.

Present—JOSEPH H. LUMPKIN,  
HENRY L. BENNING, }Judges.  
CHAS. J. McDONALD.

No. 49——THOMAS SWEARINGEN, plaintiff in error, *vs.* NANCY SWEARINGEN, defendant in error.

[1.] To entitle the plaintiff in divorce to temporary alimony, two things are necessary—marriage and the pendency of a suit; and upon the application for an allowance, should the *bona fides* of the proceeding be questioned, it is for the *Court* to decide, in the first instance, the matter.

[2.] The Court, in its inquiry as to the authority to sue, will not be restricted to strictly legal testimony; but may satisfy its conscience by the statements of even interested persons.

[3.] This Court will not control the discretion of the Circuit Court in allowing temporary alimony, unless it has been flagrantly abused.

[4.] Temporary alimony may be granted so as to relate back to the commencement of the suit.

[5.] The defendant may plead and prove on the trial, that the libel was brought by others, without the knowledge or consent of the wife, understandingly given; and it will constitute a good bar to the recovery.

Swearingen *vs.* Swearingen.

Application for temporary alimony, in Baker Superior Court. Decision by Judge PERKINS, November Term, 1855.

Thomas Swearingen alleged, in reply to a motion for alimony, that the libel for divorce was filed without the knowledge or consent of the libellant. An issue was joined on this allegation. Defendant demanded a Jury to try the same, which being refused, is assigned as error. Libellant offered as witnesses, two of the sons-in-law of the parties; objection, that they were interested; over-ruled by the Court, and assigned as error.

It was proved that libellant was old and afflicted with chronic rheumatism; that it required a considerable quantity of morphine for her comfort; that defendant was worth about $15000. Thomas Swearingen, a married son, on oath, offered to board, &c. libellant for $20 per month. The Court allowed her $40 per month for alimony, and $250 for Counsel fees.

This is assigned as erroneous, on the ground that it was excessive.

BOWER, for plaintiff in error.

WARREN & WARREN, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] The first error assigned is, that the fact should have been submitted to a Jury, to find as to whether or not this action was brought by the plaintiff?

To entitle the libellant to temporary alimony, two things are necessary: marriage and a suit for divorce. Ordinarily, no inquiry is made as to the authority of Counsel to bring the action. Attorneys are sworn officers of the Court; and as such, amenable for professional misconduct. Their character is usually a sufficient guaranty that they are not barra-

tors. But some suspicion having been cast upon the *bona fides* of this proceeding, we directed, when this case was up before, that some preliminary inquiry should be made upon this subject. We are satisfied, however, that upon a motion for temporary alimony, that it is competent for the Court to decide the matter, so far, at least, as to enable it to award an appropriation. To make up an issue to be submitted to and passed upon by a Jury, would require funds to employ professional aid, which the *feme covert* does not possess. It would defeat the very end for which this application is made.

[2.] Were the Knowles's, the sons-in-law of the parties, competent to testify? We concede that they are interested in the event of this litigation; for if the suit is successful, the law is imperative, that the Jury *shall give* the property to the children, unless they see fit to appropriate a *part* of it to one or both of the parents. (*Cobb's Digest*, 225.) Still, we hold, there was no impropriety in the Court's taking the statements of these witnesses as it might have done of the wife herself, to show that this was her suit.

[3.] Was the allowance excessive? It must be admitted that it was pretty liberal, considering the income of the husband. Yet, it is not so flagrantly extravagant as to compel us to control the discretion of the Judge who granted it.

[4.] Was it error in the Court to make the allowance of alimony, to relate back to the commencement of the suit? We see no objection to this. It is usual and proper in such cases.

[5.] In conclusion, we say that it is the privilege of the defendant to plead in bar of the plaintiff's right to recover, that this libel has been prosecuted at the instance of the children, or a portion of them, without the consent and against the wish of the wife. And upon that issue, disinterested testimony alone should be received. If Mrs. Swearingen is unable to be brought to Court, and it is inconvenient for the presiding Judge to examine her personally, he should appoint two or more fit and proper persons, whose character are

above suspicion, and who stand indifferent toward the parties, to ascertain and report to the Court and Jury, whether or not the wife desires to be *totally* divorced from her husband? And should it be clearly established that she does, with a full understanding of the consequences, Counsel will take pleasure, no doubt, so to shape the verdict as to do equal justice to parents and children, in the disposition of the property. The defendant may not be without fault; nevertheless, in the severe and long protracted affliction of his wife, he has been visited by a great misfortune. He should not be stripped of the earnings of his labor for life, and turned out penniless upon the world, in his old age. I speak as a man.