## JENKINS vs. JENKINS.

On the hearing of an application for alimony pending a libel for divorce by the husband against the wife, the fact of the marriage and the ability of the husband to support his wife as she had been accustomed to live with him, were controlling questions. To exclude evidence on behalf of the respondent to the petition for alimony as to his pecuniary condition, after admitting like evidence on behalf of the movant, was error.

October 17th, 1882.

Evidence. Husband and Wife. Before Judge WILLIS. Muscogee Superior Court.    May Term, 1882.

Reported in the decision.

CHARLES R. RUSSELL; J. M. RUSSELL, for plaintiff in error.

McNEIL & LEVY; M. H. BLANDFORD, for defendant.

JACKSON, Chief Justice.

This is an application for temporary alimony by the wife, who was sued by her husband for divorce.   The judge granted the prayer for alimony, and fixed the allowance at a moderate sum for counsel fees and maintenance, on the facts in evidence before him.   But it is alleged in the bill of exceptions that he refused to hear any testimony whatever on the part of plaintiff in error, in respect to his pecuniary condition, but heard only the wife and her witnesses on the subject of what means the husband had.   This is certified as true without explanation by the judge, and it is certainly error.

An important inquiry in this application for alimony was what was the husband's ability to support his wife as she had been accustomed to live with him; that was a controlling issue in this case; the merits were not then to be passed upon, but the circumstances of the husband and the manner of their living when together.   There may be a mistake about the ruling of the court on this point, as was claimed by counsel who argued the case here for defendant in error, but he was not counsel marked in the case, but represented the counsel of record, and could not understand and explain the ruling himself as right, as the bill of exceptions showed the point to be.

Reluctantly, therefore, we are forced to reverse the judgment and remand the case for another hearing, on the ground that the court below heard only one side of

the question of ability of the husband, and refused to hear any of his witnesses thereon.

Judgment reversed.