### HICKS *et al. v.* PORTWOOD *et al.*

129  307
130  469
d130 562

1. In an interlocutory hearing of an application for an injunction, affidavits which do not state the court in which the case is pending or the case in which they are to be used, or otherwise show affirmatively that they are made to be used in that particular case, are inadmissible in evidence.

2. A motion to postpone the hearing of an application for an interlocutory injunction, after the hearing is begun and some evidence has been introduced, upon the ground that the evidence of the applicant has been ruled out on account of the defective way in which the affidavits were prepared, is a matter addressed to the sound discretion of the court; and the Supreme Court will not control this discretion in any case, unless a manifest abuse of discretion appears. No abuse of discretion appears in the present case.

3. No sufficient reason has been shown for reversing the judgment.

Argued June 22,—Decided August 15, 1907.

Petition for injunction. Before Judge Edwards. Polk superior court. April 1, 1907.

Nancy Hicks and others brought an equitable petition against John Portwood and another, alleging, that they were the heirs at law of John Hicks, who died seized and possessed of two described lots of land; that there was no administration on his estate; that John Portwood was in possession; that they claimed title to the same, and were entitled to recover the land and mesne profits; that they were informed that Portwood had sold the timber thereon to his codefendant, Williams, who was about to move a sawmill upon the land and cut all of the timber thereon. The prayer was for the recovery of the land and mesne profits, and for an injunction to prevent the defendants from cutting the timber.

The petition was verified by the affidavit of one of the plaintiffs. The judge granted the restraining order, and set the case down for a hearing as to the application for an injunction. At the hearing the defendants showed, for cause against the granting of the injunction, a demurrer and an answer. The answer denied title in the plaintiffs; and the defendants alleged that they were in possession under Mrs. Annie Portwood, who was the real owner of the property. When the case came on for a hearing before the judge, an order was passed making Mrs. Portwood a party defendant, and the plaintiffs then proceeded to introduce testimony. Two affidavits were tendered in evidence, which were admitted. These affidavits tended simply to establish that there was no administration upon the estate of John Hicks, and to lay the foundation for the introduction of parol evidence as to the contents of certain deeds. They related in no way to the merits of the controversy. The plaintiffs then tendered in evidence the affidavits of three of the plaintiffs. Objection was made to these affidavits, upon the ground that there was no statement of the case nor any reference to the case in the body of the affidavits, and nothing to indicate that they were to be used in any pending litigation. The judge intimated that he would sustain the objection; whereupon one of the counsel for the plaintiffs testified, that he had written the affidavits himself; that each of the witnesses understood that they were to be used as evidence in the case; that he had attached the affidavits to his brief, in which the case was stated; that he did not notice that the case was not stated in each of the affidavits, but the brief was attached to the affidavits and all were fastened together. The judge, in a note to the bill of exceptions, says: "The 'brief' referred to purported to be a law brief, being a memoranda of legal authorities in pencil writing, and was not attached to the affidavits and was no part thereof." One of the counsel stated that none of the clients were present; that they lived fifteen or twenty miles from where the hearing was being had; but that the affidavits could be re-executed, or new ones made, if the court would postpone the case until the following morning at eight o'clock. The court declined to postpone the case, ruled out the affidavits, and entered a judgment dissolving the restraining order and refusing the injunction. Error is assigned upon these rulings.

*J. S. James* and *H. W. Nally,* for plaintiffs.

*Mundy & Mundy,* for defendants.

Cobb, P. J.   (After stating the facts.)

1.   The rule is now well settled that an affidavit intended to be used in a legal investigation must be entitled in the cause in which it is intended to be used, or otherwise show upon its face that it is connected therewith. *Hill* v. *McBurney Oil Co.,* 112 *Ga.* 788 (38 S. E. 42) ; *Brucker* v. *O'Connor,* 115 *Ga.* 95 (2) (42 S. E. 245.)   The mere fact that an affidavit may be attached to another paper in which the case is stated would not, in all cases, make the affidavit admissible, unless the paper was of such character as that it would necessarily be inferred that the attention of the witness was called to the paper, or it was a necessary or proper exhibit to the affidavit.   But, without reference to this question, it appears from the note of the judge on the bill of exceptions that the affidavits were not attached to the brief of counsel in which the case was stated.   There was no error in excluding the affidavits offered as evidence.

2.   Whether the hearing of the case should have been postponed, even for a day, in order to allow the defects in the affidavits to be cured, was a matter addressed to the sound discretion of the judge; and there is nothing in the record to indicate that the refusal to postpone was, under the circumstances, an abuse of discretion.

3.   When the affidavits were ruled out, so far as the merits of the case were concerned, it stood upon the verified petition and the verified answer, and the averments of fact in these two pieces of pleading were conflicting.   The case therefore falls within the well-settled rule that where the evidence is conflicting a judgment granting or refusing an injunction will not be interfered with.

*Judgment affirmed.    All the Justices concur.*