## WALDEN *v.* WALDEN.

1. Upon conflicting testimony this court will not reverse a judgment rendered upon application for temporary alimony, on the ground that it is excessive in amount, unless there was an abuse of discretion upon the part of the trial judge in fixing the amount.
2. But the court erred in fixing an indeterminate amount as attorney's fees, requiring the defendant to pay $5 per month as attorney's fees until the further order of the court. The amount of the attorney's fees allowed should have been a stated sum, though it might be payable in installments.

No. 2326. MAY 13, 1921.

Temporary alimony, etc. Before Judge Park. Wilkinson superior court. November 4, 1920.

*John R. Cooper, W. O. Cooper Jr.,* and *Victor Davidson,* for plaintiff in error. *Fleming Bloodworth,* contra.

BECK, P. J. Pending a suit for divorce the plaintiff made application for temporary alimony, which was heard at a time designated in appropriate orders; and after hearing evidence the court passed the following order: " It is ordered that the defendant pay to the clerk of the superior court on the 10th day of each month, commencing on the 10th day of November, 1920, and monthly thereafter the sum of forty-five dollars per month as temporary alimony. Said clerk will turn over said amount to the attorney for the plaintiff, and said attorney will pay over to the plaintiff forty dollars of said sum each month and retain five dollars of said sum to be credited on his fee in said case, until the further order of the court." The defendant excepted to the judgment awarding temporary alimony and attorney's fees, upon the ground, among others, that the court erred in allowing the temporary alimony in the sum of $40 per month and in allowing attorney's fees in the sum of $5 per month.

1. The evidence in the case was conflicting, and this court can not say that in view of that evidence the court below abused its discretion in fixing the amount awarded as alimony. The evidence of the wife, if it was credible, authorized the court to award her temporary alimony, and to allow the sum of $40 per month.

2. Nor would we hold that there was an abuse of discretion in awarding attorney's fees; but the amount thereof should have been fixed by the order of the court. The order that the respondent pay $5 per month until the further order of the court does not fix a definite amount. It is proper that the provision for temporary alimony should continue until the hearing of the divorce case, or until the further order of the court; but the amount allowed as attorney's fees should have been determined, though it might be made payable in installments. The hearing of the pending divorce case may be postponed indefinitely, — that is, as long as proper showings for continuance are made; and under the order as written the defendant would not know what amount he must pay as attorney's fees for the legal services rendered to his wife in the matter of making application for temporary alimony; but he was entitled to know that. And while we affirm the judgment requiring the payment of $40 per month as temporary alimony, we reverse the judgment in so far as it allows $5

per month for attorney's fees; so that upon another hearing the court may determine the amount properly allowable and fix it in his order.

*Judgment reversed in part, and affirmed in part. All the Justices concur.*