## WINKLE *v.* WINKLE.

No. 9082. MARCH 2, 1933.

*A. S. Howell* and *Judson Andrews*, for plaintiff in error.
*Thomas L. Slappey*, contra.

ATKINSON, J. Mrs. Jessie Winkle, on February 9, 1931, brought libel for divorce against Roy Winkle, on the ground of cruel treatment. On the same day the plaintiff entered with the defendant into an agreement signed by both, to accept $50 in cash in full settlement of all alimony, "both temporary and permanent, and attorney's fee," the husband agreeing to pay in addition all court costs and attorney's fees. On the same day the judge of the superior court passed an order making the agreement "the order of the court." On October 8, 1931, the wife filed an amendment to her petition, setting out that the husband had practiced fraud in procuring the agreement, that the amount accepted was grossly inadequate and the agreement "was obtained from petitioner when she was not physically and mentally able to attend to said matter;" that the defendant had communicated to petitioner a disease which "ruined her health and affected her eyesight to such an extent that she has become totally blind in one eye and can not see to any advantage with her other eye;" that she had no income whatever; that the defendant was an able-bodied man, capable of earning

$150 a month; and that he owned a certain store. She prayed that the agreement referred to above be set aside; that she be awarded a reasonable sum as temporary alimony and attorney's fees, as well as permanent alimony; and that the writ of ne exeat issue. The court issued that writ, and a rule nisi calling on the defendant to show cause why the petitioner's prayers should not be granted. He filed what was termed a plea of res adjudicata, based on the fact that the agreement as to alimony had been made between the parties and made the order of the court. On a hearing, after evidence submitted, the court awarded to the petitioner $5 per week as temporary alimony, beginning November 10, 1931. The defendant afterward filed a motion praying the court to modify that order. This motion was overruled.

The court did not err in overruling the motion. It does not appear that the amendment to the petition was demurred to on the ground that the allegations of fraud and as to the petitioner's mental condition were not sufficiently definite; and, with that petition and the amendment pending, the court properly allowed the amount stated as temporary alimony, pending the hearing, to support the wife and to press her suit to set aside the original agreement.

*Judgment affirmed.* · *All the Justices concur.*