## LLOYD *v.* LLOYD.

No. 11575.   FEBRUARY 9, 1937.

*M. B. Eubanks,* for plaintiff in error.
*H. L. Lanham,* and *Chastine Parker,* contra.

HUTCHESON, Justice.  Mrs. Clara Reeves Lloyd brought suit against her husband, J. M. Lloyd, for the custody of their three minor children, for temporary and permanent alimony for the maintenance and support of herself and the minor children, and for injunction against the sale or incumbrance of the home formerly occupied by the parties, and an automobile, both owned by defendant.  Upon interlocutory hearing the evidence as to the cause of the separation was conflicting.  After the plaintiff left the defendant, taking with her the youngest daughter, the defendant with the two older daughters rented a cottage at a tourist camp in order to cut expenses and evade the heat of the city.  When they attempted to move back into the home they discovered that the plaintiff, with her mother and niece, had moved in and taken possession of the home and household goods.  The defendant makes on the average about $125 per month.  The home is worth about $15 per month for renting purposes.  The plaintiff testified

that it would cost about $75 to $100 per month to maintain the home and care for her daughters as they should be cared for; and that the defendant had offered her the use of the home and $50 per month. The court awarded the custody of the youngest child to the plaintiff, $20 per month to the plaintiff individually and $25 per month to her for maintenance and support of the child as temporary alimony, and $30 as temporary attorney's fees. The court also enjoined the defendant from selling or incumbering the home or automobile. The defendant excepted on the grounds that the grant of injunction was error for the reason that there was no evidence to authorize it; and that the award of alimony was excessive and amounted to an abuse of discretion, and was without authority under the law in so far as it granted to the plaintiff the right to use the defendant's home and household goods. In his brief and argument before this court the defendant does not argue the assignment of error on the grant of injunction, and it will be considered as abandoned. The only questions presented are (1) Is the court authorized to grant to the wife the use of the home of the husband and the household goods therein as part of the temporary alimony awarded? (2) If the court is so authorized, was the award of temporary alimony so excessive as to amount to an abuse of discretion?

As a general rule, the meaning of the word alimony is restricted to money; and unless expressly authorized by statute, no award can be made out of the property of the husband, divesting him of title to the same. 19 C. J. 262, § 610. "The amount given to the wife in the decree of divorce is generally called 'alimony.' The term is derived from a Latin word which primarily meant to nourish; that is to supply the necessities of life. It was introduced into divorce proceedings by the early ecclesiastical courts of England, and in the early practice of these courts it was defined to be 'that support which the husband, on separation, is bound to provide for the wife, and is measured by the wants of the wife and the circumstances and ability of the husband to pay.'" Fall v. Fall, 75 Neb. 104 (113 N. W. 175, 181, 121 Am. St. R. 767) — (citing Cole v. Cole, 142 Ill. 19, 31 N. E. 109, 34 Am. St. R. 56, 19 L. R. A. 811). Temporary alimony or alimony pendente lite is a common-law right. It was an established right in England when we adopted the common law, and it is no less a common-law

right because it grew up under the ecclesiastical courts. *McGee* v. *McGee,* 10 *Ga.* 477, 485. Prior to any statute on the subject, it was held that the courts had the power to provide temporary alimony for the wife as incidental to the power to grant divorce. *McGee* v. *McGee,* supra; *Goss* v. *Goss,* 29 *Ga.* 109. Permanent alimony in conjunction with an *absolute* divorce was unknown to the common law or to the ecclesiastical courts. *Wise* v. *Wise,* 156 *Ga.* 459, 465 (119 S. E. 410); 19 C. J. 203, § 496. As defined in our Code, § 30-201, "Alimony is an allowance out of the husband's estate, made for the support of the wife when living separate from him. It is either temporary or permanent." The Supreme Court of Nebraska (Cizek *v.* Cizek, 69 Neb. 797, 99 N. W. 28, 30, 5 Ann. Cas. 464), reversing a decree of the lower court awarding real estate in fee to the wife as alimony, and construing a statute of that State (Comp. St. 1901, ch. 25, § 22) which provided that in cases of divorce the court may decree to the wife such part of the personal estate of the husband and such alimony out of his estate as it should deem just and reasonable, said: "Alimony is a technical word, theoretically restricted to personalty, and practically to money; it is payable out of the husband's estate, real as well as personal. But the word never covers the estate itself." It will be seen from what has been said that our Code definition of alimony adds little, if anything, to the meaning of or the right to alimony as recognized under the common law. The right to alimony after absolute divorce, and the granting in fee of a portion of the estate of the husband to the wife as permanent alimony is derivable solely from statutory provisions. Code, §§ 30-207 et seq; *Odom* v. *Odom,* 36 *Ga.* 286; *Wise* v. *Wise,* supra. In discussing the question whether or not an award of a certain sum of money as temporary alimony was excessive, this court in *McGee* v. *McGee,* supra, said: "'The proportion of the husband's estate to be given to the wife as permanent or temporary alimony is a matter of judicial discretion. It is always less in the latter than in the former case. The court will not encourage vexatious suits by large grants to the wife. She is entitled to support only, pendente lite. What will be a support depends upon the wealth of the husband—her personal income, if any, aside from his property—the number of children or others dependent upon him, and the circle of society in which she is accustomed to move. The

amount is not limited to a fair proportion of the *income*, but may trench upon the corpus of his estate." Whether by this language the court meant to say that a portion of the property of the husband may be granted to the wife in fee simple, or only that a money award might be made which would necessitate a sale of a portion of the husband's estate to pay the same, it is not necessary to decide in the present case. From what we have said, and in view of the ruling just quoted, we are of the opinion that the court in a proper case has the authority, in the exercise of a sound discretion, to award the use of the home and household goods to the wife as temporary alimony. If the court could award the income, such as the rent of the home, we see no reason why it could not award the use of the home in lieu thereof. Under the evidence as adduced on the hearing, we are constrained to hold that the court did not abuse its discretion in the award.

*Judgment affirmed. All the Justices concur.*

ATKINSON, J., concurs in the result.