*Golden & Haas,* for plaintiff.

*Mrs. Mary J. Nelson* and *William F. Buchanan,* for defendants.

## HUGGINS *v.* HUGGINS.

JENKINS, Chief Justice. 1. "Alimony is an allowance out of the husband's estate, made for the support of the wife when living separate from him. It is either temporary or permanent." Code, § 30-201.

(a) "Temporary alimony and attorney's fees are awarded to afford the wife the means of contesting all of the issues between herself and her husband." *Chapman* v. *Chapman,* 162 *Ga.* 358 (133 S. E. 875), citing *Lee* v. *Lee,* 154 *Ga.* 820 (115 S. E. 493); *Powers* v. *Powers,* 158 *Ga.* 251 (123 S. E. 220). Such an award need not necessarily be in money, but in a proper case the court may in its discretion award to the wife the temporary use of the home and household furnishings in lieu of an award in money. *Lloyd* v. *Lloyd,* 183 *Ga.* 751 (189 S. E. 903); *Dougherty* v. *Dougherty,* 150 *Ga.* 206 (103 S. E. 168).

2. Under the above rules of law, where on the hearing of a petition for temporary alimony and attorney's fees, wherein the plaintiff asked that the defendant be "restrained and enjoined from further use and occupancy of" a described house and lot owned jointly by the plaintiff and defendant, and that "she be given peaceful possession of same pending final determination of the cause," and where on the hearing the defendant was given exclusive possession of said house and lot "until final disposition of the cause," and also $100 as attorney's fees, such order of the court must be construed to be an award of temporary alimony, despite the fact that the order further recites that "The plaintiff's prayer for temporary alimony is denied," such recital being necessarily construed to mean that the prayer for further and additional temporary alimony was refused.

3. Since the above award of temporary alimony had the effect of divesting the defendant husband of all immediate right to the use and occupancy of said home, it follows that the continuance of a temporary restraining order, which enjoined the husband from interfering with the peaceful enjoyment of the premises by the wife, did not violate the recognized rule against the use of injunction to dispossess one tenant in common in

favor of another; and in view of the allegations of the petition pertaining to the threats and conduct of the husband, the trial court did not abuse its discretion in so restraining the defendant as prayed.

4. Exceptions to the order of the trial court overruling the husband's general demurrer to the wife's petition in so far as it pertained to the right of the wife to relief by injunction, and exceptions to the order restraining the defendant, have all been carefully considered, and being controlled by the above rulings, are without merit.

*Judgment affirmed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*

No. 15940. OCTOBER 16, 1947.

*Titus & Altman*, for plaintiff in error.
*Forester & Calhoun*, contra.