BRANNEN *v.* BRANNEN.

HAWKINS, Justice. 1. The discretion of the trial judge in allowing or disallowing temporary alimony pending an action for divorce will not be controlled unless that discretion is shown to have been flagrantly abused. Code, § 30-205; *Smith* v. *Smith*, 125 *Ga.* 384 (53 S. E. 958); *Aiken* v. *Aiken*, 131 *Ga.* 578 (62 S. E. 820); *Helton* v. *Helton*, 146 *Ga.* 48 (90 S. E. 381); *Gaskin* v. *Gaskin*, 150 *Ga.* 756 (105 S. E. 369); *Brown* v. *Brown*, 159 *Ga.* 323 (125 S. E. 713); *Cook* v. *Cook*, 197 *Ga.* 703 (30 S. E. 2d, 479); *Moss* v. *Moss*, 200 *Ga.* 8, 12 (36 S. E. 2d, 431); *Childs* v. *Childs*, 203 *Ga.* 9 (45 S. E. 2d, 418); *Lybrand* v. *Lybrand*, 204 *Ga.* 312 (49 S. E. 2d, 515). "In a proper case, and in the exercise of a sound discretion, the court may award the use of the home and the household goods therein to the wife as temporary alimony." *Lloyd* v. *Lloyd*, 183 *Ga.* 751 (189 S. E. 903). Where, as in this case, it appears from the evidence that the plaintiff, at the invitation of the defendant, came to this country from Australia to marry the defendant; that two children were born as the issue of the marriage, who, at the time of the trial, were 3 years and 5 months, and 4 months of age, respectively; that she had no relatives in Georgia, and none in this country except a first cousin in the State of New York whom she does not remember ever having seen, no other place to live, no independent income or other means of livelihood, it cannot be said that it was an abuse of discretion for the trial court to award to the plaintiff the use of the home owned by the defendant, as temporary alimony, or to continue in force a temporary restraining order enjoining the husband from interfering with the peaceable enjoyment of the premises by the wife, and from living therein pending the final disposition of the divorce proceedings. *Huggins* v. *Huggins*, 202 *Ga.* 738 (44 S. E. 2d, 778).

2. The trial judge exercises a sound legal discretion in awarding custody of minor children pending an application for divorce, looking to the

best interest of the children, and this court will not interfere with his judgment unless that discretion appears to have been abused. Code, § 30-127; *Willingham* v. *Willingham*, 192 *Ga.* 405 (15 S. E. 2d, 514); *Bignon* v. *Bignon*, 202 *Ga.* 141 (42 S. E. 2d, 426). Under the evidence in this case, it cannot be said that the trial court abused its discretion in awarding the custody of the two minor children, of the ages above indicated, to the mother, "with the right of the defendant to visit with the said children two (2) hours each week on Sunday afternoon and such other time as may be agreed on by the parties."

3. Code § 55-108 provides: "The granting and continuing of injunctions shall always rest in the sound discretion of the judge, according to the circumstances of each case. The power shall be prudently and cautiously exercised, and except in clear and urgent cases should not be resorted to." And while a wife may, in a proper case, apply for an injunction to prevent the husband from alienating or encumbering his property to defeat her claim for alimony, where, as in this case, there was no evidence that the husband was attempting or even contemplating the transfer or encumbrance of his property to defeat his wife's claim for alimony, it was error for the trial court to enjoin the defendant from disposing of his property and from changing the status thereof, and from withdrawing any funds from his bank account except in designated amounts for specific purposes. "The writ of injunction to restrain a husband from encumbering or disposing of his property pending a divorce and alimony suit should not be granted, where the husband is neither attempting nor threatening to sell or encumber his property, and no other equitable ground for the issuance of the writ is shown to exist." *Melvin* v. *Melvin*, 129 *Ga.* 42 (58 S. E. 474). See also *Ramsey* v. *Ramsey*, 175 *Ga.* 685 (165 S. E. 624); *Lawrence* v. *Lawrence*, 196 *Ga.* 204 (26 S. E. 2d, 283).

*Judgment affirmed in part and reversed in part. All the Justices concur.*

No. 17456. SUBMITTED APRIL 10, 1951—DECIDED MAY 15, 1951.

*Davis, Branch & Stringer,* for plaintiff in error.
*Fraser & Shelfer* and *John R. Strother,* contra.