## GOLDEN *v.* GOLDEN.

WYATT, Justice. 1. "The discretion of the trial judge in allowing or disallowing temporary alimony pending an action for divorce will not be controlled unless that discretion is shown to have been flagrantly abused. . . 'In a proper case, and in the exercise of a sound discretion the court may award the use of the home and the household goods therein to the wife as temporary alimony.' " *Brannen* v. *Brannen,* 208 *Ga.* 88 (65 S. E. 2d, 161). See also cases there cited. An allowance for temporary alimony, although "pretty liberal," will not be disturbed unless "flagrantly extravagant." See *Swearingen* v. *Swearingen,* 19 *Ga.* 265. "The granting of temporary alimony in a divorce case is specially in the discretion of the judge. . . His judgment is not even final, but is, at any time, open to modification and re-examination by him. The nature, too, of the case demands that the affair shall be specially in his control, since the very daily sustenance of the wife [and in the instant case three children] is involved in its prompt adjudication. If subject, for slight causes, to review in this court, it would be of little value, since in its very nature it is only temporary, and the very interregnum it is intended to cover would be frittered away in litigation over it. For these reasons we feel it to be not only the law, but public policy, that this court shall only interfere when there has been some clear abuse of power by the judge." *Carlton* v. *Carlton,* 44 *Ga.* 216. "A reasonable allowance [for temporary alimony] under all the circumstances is proper, even though the husband at the time of the hearing may have no property or employment, and be merely of a robust health with an earning capacity." *Taylor* v. *Taylor,* 189 *Ga.* 110 (5 S. E. 2d, 374). Where, as in this case, the trial judge was authorized to find that the defendant was the father of three children ages five, two and one-half, and one and one-half, for whom he had provided no means of support since the separation on January 18, 1953; that he sold his interest in a business for $35,000 in November, 1951; that during the same year he purchased the Sinclair Oil Agency in Thomasville, for $20,000; and that, according to his testimony, he was making a net profit from the operation of this business of only $2877.65, although the gross receipts were $12,060.38; that he was capable of earning and did earn before he purchased the oil business, more than $5700 per annum—it cannot be said that it was a flagrant abuse of discretion for the trial judge to award as temporary alimony for the support of the wife and three children $60 per week and the use of the home in which they lived.

2. Since the trial judge was authorized to find that the husband was rapidly dissipating the property he owned, it was not error to enjoin him from encumbering or disposing of his property.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., not participating.*

No. 18212. ARGUED MAY 11, 1953—DECIDED JUNE 9, 1953—REHEARING DENIED JULY 15, 1953.

*Titus, Altman & Johnson,* for plaintiff in error.
*Alexander, Vann & Lilly,* contra.