## 22355. WALTON v. WALTON.

ARGUED FEBRUARY 11, 1964—DECIDED MARCH 5, 1964.

*Zachary & Hunter,* for plaintiff in error.

*Llop & Long, Nick Long, Jr., Fred Gilbert,* contra.

QUILLIAN, Justice. It is a familiar rule that a trial judge's grant of temporary alimony in a divorce case will be disturbed

only where he flagrantly abused his discretion. *Swearingen v. Swearingen,* 19 Ga. 265 (3); *Etheridge v. Etheridge,* 149 Ga. 44 (1) (99 SE 37); *Golden v. Golden,* 209 Ga. 915 (76 SE2d 697). Where the evidence is in conflict, the judgment of the trial court will be affirmed. *Walden v. Walden,* 151 Ga. 549 (1) (107 SE 483); *Drake v. Drake,* 182 Ga. 324 (185 SE 327); *Stanton v. Stanton,* 213 Ga. 545, 552 (100 SE2d 289, 66 ALR2d 1401). With this in mind, we now review each of the alleged errors.

1. As to the award of temporary alimony.

There was no showing of such misconduct by the wife as would negate the judge's discretionary power to grant temporary alimony. See *Code* § 30-205. Hence, the only question for our determination is whether the award was excessive.

Our law provides that in a proceeding involving temporary alimony the trial judge shall hear both parties and evidence as to all the circumstances of the parties and shall grant such temporary alimony as the condition of the husband and the facts of the case may justify. *Code* § 30-202. In arriving at a proper provision the judge shall consider the peculiar necessities of the wife, and any evidence of her separate estate. *Code* § 30-203.

In passing judgment it is proper for the court to consider the available resources of the husband from which alimony might be paid. *Carlton v. Carlton,* 44 Ga. 216. Available resources is defined as either capacity to labor and earn or the ownership of property. *Hannah v. Hannah,* 191 Ga. 134 (11 SE2d 779), and cases cited. The court may always give consideration to securing for the wife the same social standing, comforts, and luxuries of life as she probably would have enjoyed had there been no separation. *Jenkins v. Jenkins,* 69 Ga. 483; *Wills v. Wills,* 215 Ga. 556, 558 (4) (111 SE2d 355); *Reynolds v. Reynolds,* 217 Ga. 234, 260 (12) (123 SE2d 115). In short, the necessities of the wife and the husband's ability to pay are the controlling factors in making an allowance for alimony. *Robertson v. Robertson,* 207 Ga. 686 (1) (63 SE2d 876); *Wills v. Wills,* 215 Ga. 556, supra.

Applying these standards there was evidence introduced as

to the needs and expenses of the plaintiff and the children and as to the ample resources of the defendant husband to provide for them.

It is a well known legal precept that where a party has evidence in his power by which he may repel a claim against him and omits to produce it, or having more certain and satisfactory evidence relies on that which is weaker and inferior in nature, a rebuttable presumption arises that the claim is well founded. *Code* § 38-119. The husband could have produced records to show that his current resources were inadequate to provide for the expenses of the wife and children, but was content with vague statements that his enterprises were not successful as regards present profits. While the husband testified that his financial condition was not so good as it once had been, it is still apparent that he is a man of considerable means. This is not refuted by general denials as to the husband's worth and assets.

As to his present income, although the husband stated that his only income was that which he drew from a certain radio station, yet he never testified that he could not draw from other funds or from other enterprises. His wife contradicted his statement by testifying that he had drawn money from different stations at different times. Moreover, it has been held that the amount of temporary alimony is not limited to a fair proportion of the husband's income, but may trench upon the corpus of his estate. *McGee v. McGee,* 10 Ga. 477, 490; *Lloyd v. Lloyd,* 183 Ga. 751, 754 (189 SE 903).

In view of the evidence contained in the present record, the trial judge did not err in the grant of $900 per month as temporary alimony.

2. As to the continuance of the restraining order.

There was evidence that the father had threatened to take the children from the mother and that on a prior occasion he had taken one of the children away for an extended period of time.

There is no merit in this assignment of error.

3. As to the grant of attorney's fees.

Since the court has discretion to grant allowance for attorney's fees even where there is no evidence as to the value of the services rendered, *Ogletree v. Ogletree,* 169 Ga. 366 (150

SE 167), where the only exception is to the grant of the fee, there being no attack upon it as excessive or otherwise illegal, the trial judge did not err in making the instant allowance. *Allen v. Allen,* 194 Ga. 591, 592 (2) (22 SE2d 136).

*Judgment affirmed. All the Justices concur.*