## 22745. HEARN v. HEARN.

Argued January 11, 1965—Decided February 4, 1965.

*Kemp & Watson, John L. Watson, Jr.,* for plaintiff in error.
*Sanders & Dowdy, Joel H. Dowdy,* contra.

QUILLIAN, Justice. 1. The defendant's principal contention is that there was no evidence to show the wife had any valid cause to separate herself from her husband and thus the trial

judge abused his discretion in awarding temporary alimony and child support.

"It has long been the rule that one act of cruelty, not of a violent or serious character, standing alone, is not a sufficient ground for a divorce," (*Phinizy v. Phinizy*, 154 Ga. 199, 114 SE 185), or "to justify a wife in leaving her husband and living in a state of separation from him." *Brown v. Brown*, 217 Ga. 671, 673 (124 SE2d 399). While the only oral evidence as to the husband's misconduct was that he would call his wife a vile name when she took their children to church, yet the verified petition contains many other allegations of cruel treatment. On a hearing for temporary alimony the trial judge, having before him the verified petition, had the right to take into consideration the facts as sworn to therein, without the petition being formally introduced in evidence. *Moss v. Moss*, 196 Ga. 340, 346 (26 SE2d 628), and cases cited; *Hicks v. Portwood*, 129 Ga. 307, 309 (3) (58 SE 837). Considering the averments of the verified petition in conjunction with the testimony and applying the rule laid down in the *Moss* case, we find there was sufficient evidence of cruel treatment to justify the wife's separation and hence to sustain the order issued on the interlocutory hearing.

2. The defendant further contends that even if there were evidence to justify the award of some alimony the amount awarded was excessive. While the award may appear to be somewhat exorbitant, when considered in view of the defendant's base salary of $500 per month, yet there is evidence that the defendant received "overtime" in an undisclosed amount. This being true, we can not ascertain whether the award would be so excessive as to warrant our control of the trial judge's discretion. A trial judge's grant of temporary alimony in a divorce case will be disturbed only where it is flagrantly excessive. *Swearingen v. Swearingen*, 19 Ga. 265, 267; *Golden v. Golden*, 209 Ga. 915 (76 SE2d 697).

3. The defendant also insists that the court abused its discretion in awarding custody to the plaintiff mother. Although there was evidence tending to show possible misconduct by the mother, the record fails to show such acts on her part as to render her unfit as a matter of law. Since the evidence did not

demand a finding for the father, we can not hold that the trial judge abused his discretion in awarding temporary custody of the minor children to the mother. *Dyche v. Dyche*, 218 Ga. 833 (131 SE2d 104).

*Judgment affirmed. All the Justices concur.*