## 22759. HEWLETT v. HEWLETT.

Mobley, Justice. The wife brought an action in Fulton Superior Court against her husband seeking divorce, custody of minor children, temporary and permanent alimony, and attorney's fees. The court, after hearing, entered an interlocutory order awarding temporary custody of the children to the wife, temporary alimony to the wife for herself and children, and attorney's fees, on account, to the wife's attorney. The husband filed a motion to set aside the judgment of the court on the ground that the court was without jurisdiction of the case, since he was not a resident of Fulton County, but of Cherokee County at the time of filing the suit and at all times since. The trial court entered an order reciting that he had reviewed all the evidence submitted in the case, and denied the motion to set aside the judgment. The exception is to this order. *Held:*

1. The first question presented is whether the court erred in granting temporary alimony, custody of the minor children, and attorney's fees in view of the question raised as to jurisdiction of the court. The court heard testimony as to jurisdiction of the court, and concluded that even under defendant's testimony it could not reasonably be said that the issue of jurisdiction is eliminated as an issue in the case. As to defendant's contention that he was not a resident of Fulton County when the suit was filed, the evidence, considered most favorably to him, was conflicting. Under such circumstances this court has consistently held that it is not erroneous to award temporary alimony and attorney's fees. See *Carnes v. Carnes,* 138 Ga. 1 (1a) (74 SE 785), where this court in a full bench decision held: "The mere fact that the defendant files a plea to the jurisdiction, and the evidence on that subject is conflicting, does not prevent the presiding judge from granting temporary alimony and attorney's fees until the final trial."

As pointed out in *Legg v. Legg,* 150 Ga. 133, 134 (102 SE 829), "Temporary alimony is awarded to the wife, among other things, for the purpose of enabling her to contest all of the issues between herself and her husband in a proceeding for divorce and alimony; and a plea to the jurisdiction in the present case is one of the issues raised and to be determined on final trial." See also *LaFitte v. LaFitte,* 171 Ga. 404 (155 SE 521).

2. (a) Exception is made to the award of temporary alimony and attorney's fees on the ground that it is excessive. The court awarded the wife $550 per month and $150 for each of the three children, gave her the use of their home, and in addition, ordered him to pay for the use and benefit of the wife and children promptly, when due, insurance and taxes and the mortgage payments on the home, and taxes and insurance on her automobile; all medical and dental bills, school expenses of the children, all bills outstanding on this date whether purchases were made by petitioner, the children or defendant, and required him to maintain and keep up the house and premises and "in the event the husband sees fit to make available to any member of his family the facilities of the clubs to which he belongs," then the wife and children shall all have the right to use the club and defendant shall pay all bills incurred by either the children or petitioner.

The court in its order denying the husband's contention that the award is excessive stated, "As to the sums directed to be paid, it was my effort to reconcile both what defendant said he thought he ought to pay as indicated by his memorandum argument to me, what he had been providing for his family and what petitioner stated was necessary and what she had been receiving up to the filing of the suit. By checking the evidence carefully it will be apparent that the cost to defendant, under the order, for the upkeep of his family is less than he had been paying and is approximately what the court understood that he felt he should pay."

It was not disputed that the husband had an income of $39,500 in 1960 and $48,640 in 1961. There is confusion about his income for 1962, 1963, and 1964, and the evidence as to what he made in 1962 and 1963 is inconclusive.

As to 1964 the defendant testified that he had drawn earnings of $22,052.40 from the firm up to date of hearing, which was less than seven months, and he further testified that he may have gotten some few incidental fees in another account. The record shows further that the husband has a substantial separate estate and the wife and children are wholly dependent upon him for support.

After carefully reviewing the evidence, we cannot say that the trial judge flagrantly abused his discretion in the award of temporary alimony, which must be shown before this court will disturb the court's granting of temporary alimony. *Wal-*

*ton v. Walton*, 219 Ga. 729, 730, 731 (135 SE2d 886) and cases cited. The court may always give consideration to securing for the wife and children the same social standing, comforts and luxuries of life as she probably would have enjoyed had there been no separation. *Walton v. Walton*, 219 Ga. 729, supra, and cases cited. It appears to this court that that is what the trial court attempted to do in this case, as the amount awarded was about what the husband had been spending in support of his wife and children.

(b) Awarding use of the home to the wife, requiring the husband to keep up the premises, pay taxes and insurance thereon and on her automobile, and requiring him to pay doctors' and dental bills, and school expenses are all without question items of support of the wife and children pending the divorce proceeding. Temporary alimony is an allowance out of the husband's estate for the support of the wife and children when living separate from him. *Code* §§ 30-201, 30-206. No exact form of support is prescribed. The exceptions to those items are without merit.

(c) Item 4 (d), which ordered defendant to pay for the use and benefit of plaintiff and the children of the marriage promptly when due "all bills outstanding on this date (date of order, July 27, 1964) whether the purchases were made by petitioner, the children, or the defendant," is excepted to. This order is vague and indefinite. If it proposes to require the defendant to pay all of his bills outstanding as of the date of the order, which it seems to do, that would go beyond the scope of the court's authority in making an award of temporary alimony. Payment of his bills could not conceivably be an allowance out of the husband's estate for the support of the wife and children. The portion of the order that he pay all bills for purchases by wife or children, without evidence as to what bills this includes, whether necessaries or not, is too uncertain and indefinite to be enforced. This could include bills for which the husband would not be liable under the law.

The attack of the husband upon Section 4 (d) of the order is meritorious, and the court is directed to strike this provision from its judgment.

(d) The attack upon paragraph 4 (f) of the order providing that, if the defendant sees fit to make available to any member of his family the use of the clubs to which he belongs,

his wife and children may also use them and he shall pay all bills incurred by them is meritorious.

While the court is authorized to require the husband, if financially able, to maintain his wife and children in the same station in life to which they were accustomed, this does not mean that they should have unlimited and unbridled authority to incur bills at private clubs to be charged to him. The effect of such order could be to require the husband to raise their station in life and furnish them luxuries to which they were not accustomed and which he was unable to afford. The imposition of this obligation to pay all their bills at the clubs, if he permits any of them use of the clubs, is arbitrary and unreasonable and is too indefinite, uncertain, and unlimited as to the amount he would be required to pay. He could control the expenditures of those using the clubs with his permission, but there would be no limit on the expenditures of the other members of the family.

The judge is directed to strike this provision of his order.

3. The award of $1,000, on account, for legal services to the wife's attorney is not excessive, considering the ability of the husband to pay, the needs of the wife, the amount of work involved in the preparation and trial of the case, and the responsibility resting upon her counsel.

4. Paragraphs 4 (d) and 4 (f) of the court's order of July 27, 1964, are erroneous, and the trial judge is directed to strike them. With these paragraphs stricken, the judgment of the trial court is affirmed.

*Judgment affirmed with direction. All the Justices concur.*

SUBMITTED JANUARY 12, 1965—DECIDED FEBRUARY 5, 1965—
REHEARING DENIED FEBRUARY 18, 1965.

*Florence Hewlett Dendy*, for plaintiff in error.
*Powell, Goldstein, Frazer & Murphy, James K. Rankin*, contra.