## 31276. CHILDRE v. CHILDRE.

INGRAM, Justice.

This is an appeal by the husband from an order of the Cherokee County Superior Court awarding temporary alimony and attorney fees to the appellee-wife on her counterclaim for divorce. We affirm.

The parties were married in 1952 and separated in 1975. Three children were born of the marriage. After they were separated both parties signed an agreement purporting to settle all matters of alimony, support, and property division. The agreement provides that it "may become part of any judgment, order and decree in any proceeding brought by either party against the other for divorce or for any of the matters herein dealt with." Payments of $500 per month were included in the agreement as alimony to the wife. In her counterclaim, the wife alleged that the agreement was obtained through fraud and coercion and she sought temporary alimony pending final action on the divorce. After a hearing, the trial court ordered, inter alia, temporary alimony of $800 per month and awarded $500 as attorney fees to the wife's counsel.

I

Appellant-husband contends in his first enumeration of error that it was a flagrant abuse of discretion for the trial judge to reject the separation agreement and to order temporary alimony in an amount greater than that specified in the agreement. We do not agree. Temporary alimony is generally within the discretion of the trial court. *Hearn v. Hearn,* 220 Ga. 577

(140 SE2d 861) (1965); *Walton v. Walton,* 219 Ga. 729, 732 (135 SE2d 886) (1964); *Golden v. Golden,* 209 Ga. 915 (1) (76 SE2d 697) (1953). This is particularly true where, as here, the validity of the agreement is in dispute (*Mathews v. Mathews,* 204 Ga. 247, 248 (49 SE2d 497) (1948); *Ozmore v. Ozmore,* 179 Ga. 339 (4) (175 SE 789) (1934); *Byrd v. Byrd,* 157 Ga. 787 (122 SE 193) (1924), and where child support is involved, *Barbee v. Barbee,* 201 Ga. 763 (3) (41 SE2d 126) (1947)). The trial court did not "flagrantly abuse its discretion" in rejecting the separation agreement and awarding temporary alimony to the wife in excess of the sum specified in the agreement.

## II

In the second enumeration of error, the husband urges that the amount of the award was so excessive that it constitutes an abuse of discretion by the trial court. We find no error.

The circumstances of the parties, including the husband's ability to pay and the needs of the wife, govern the trial court in the exercise of its discretion. Code Ann. §§ 30-202 and 30-203 (Rev. 1969). The trial judge heard both parties and received evidence of the wife's needs and the husband's ability to pay. The evidence was in conflict. On this record we find no abuse of discretion and the trial court's decision will not be disturbed. See *Barnett v. Barnett,* 231 Ga. 808 (204 SE2d 168) (1974); *Hewlett v. Hewlett,* 220 Ga. 656 (140 SE2d 898) (1965).

*Judgment affirmed. All the Justices concur.*

Submitted June 25, 1976 — Decided September 7, 1976.

*Thomas A. Roach,* for appellant.

*Neely, Freeman & Hawkins, William T. Elsey,* for appellee.