## 34222. WILLIAMS v. WILLIAMS.

BOWLES, Justice.

Appellant-husband appeals from an award of temporary alimony entered in the Superior Court of Fulton County. Appellee-wife filed a complaint for divorce. Both parties admitted that the marriage was irretrievably broken. At a hearing on the issue of temporary alimony, the wife testified that she was presently unemployed; the parties had been separated several months; her estimated monthly expenses were $906.35; prior to the hearing she had cashed a check for $1,200 on the parties' checking account in order to purchase necessities; she had made several charges on the credit card the husband had given her; and she had used the parties' income tax refund checks in the amount of $2,974.61 in order to support herself. The husband testified that his weekly net income was $329; he owned two homes with approximately $12,000 equity; he had $8,000 in savings, and had recently sold $4,500 worth

of stock.

After hearing the evidence, the trial court awarded the wife as temporary alimony, ". . . all sums received to date, including all charges made on various credit cards and all funds received by her from or expended on her behalf by the defendant [husband] including all property presently in her possession and plaintiff [wife] shall receive $400 on August 1, 1978, and $400 on September 1, 1978 as temporary alimony. The defendant shall pay all credit card charges of the plaintiff incurred prior to this hearing and the plaintiff shall receive as temporary alimony the 1977 United States and Georgia income tax refund checks. Said payments to be in lieu of all other temporary alimony payments and temporary attorney's fees."

1. The husband first contends that the award of temporary alimony was without evidence to support it and was excessive as a matter of law.

In making an award of temporary alimony the two controlling factors which must be considered by the trial court are the necessities of the wife and the husband's ability to pay. *Walton v. Walton,* 219 Ga. 729, 742 (135 SE2d 886) (1964); *Wills v. Wills,* 215 Ga. 556 (111 SE2d 355) (1959); *Robertson v. Robertson,* 207 Ga. 686 (1) (63 SE2d 876) (1951); Code Ann. § 30-203. An award of temporary alimony will not be disturbed on appeal unless the trial court manifestly or flagrantly abused its discretion in making the award. *Carter v. Carter,* 240 Ga. 597 (242 SE2d 94) (1978); *Johnson v. Johnson,* 236 Ga. 647 (225 SE2d 36) (1976); *Hewlett v. Hewlett,* 220 Ga. 656, 657 (140 SE2d 898) (1965); *Walton v. Walton,* supra.

The evidence introduced at the hearing, concerning the needs of the wife and the husband's ability to pay, support the trial court's award and, therefore, we find no abuse of discretion.

2. The husband next contends that because the parties had entered into a contractual agreement prior to the hearing which set an amount for temporary alimony, the trial court's refusal to follow said agreement interfered with the obligation of contract protected by the State and Federal Constitutions.

The matter of temporary alimony is usually within

the sound discretion of the trial judge. *Hearn v. Hearn,* 220 Ga. 577 (140 SE2d 861) (1965); *Golden v. Golden,* 209 Ga. 915 (1) (76 SE2d 697) (1953). Where parties to a divorce proceeding have entered into a contract settling between themselves the question of temporary alimony, the court may, in its discretion, refuse to approve the agreement where it is shown by one of the parties that the agreement was procured by fraud or duress. *Childre v. Childre,* 237 Ga. 437 (228 SE2d 829) (1976); *Vereen v. Vereen,* 226 Ga. 500 (175 SE2d 865) (1976); *Ozmore v. Ozmore,* 179 Ga. 339 (4) (175 SE 789) (1948); *Winkle v. Winkle,* 176 Ga. 673 (168 SE 768) (1932); *Byrd v. Byrd,* 157 Ga. 787 (122 SE 193) (1924).

In the instant case the wife testified at the hearing that she had signed the agreement under duress and did not desire it to be made a part of the trial court's order. Under these circumstances, we cannot say that the trial court abused its discretion in refusing to follow the parties' agreement concerning the amount to be given the wife as temporary alimony.

3. Lastly, the husband contends that the trial court's award is improper in that it makes a final adjudication of the property rights of the parties.

The typical award of temporary alimony is in the form of a cash payment or payments by the husband to the wife, such as, in the case sub judice, two $400 payments, credit card charges made by the wife prior to the hearing, and the 1977 income tax refund checks. Additionally, the trial court may award temporary alimony in kind, such as the temporary use and possession of the husband's property. We agree with the husband's contention that in awarding temporary alimony in the latter form, the trial judge may not make a final adjudication of title or property rights. *Walton v. Walton,* 223 Ga. 85 (153 SE2d 554) (1967). In the instant case, the trial court's order clearly states that the wife "... shall receive as *temporary alimony*" (emphasis supplied), in addition to the cash award. "... all property presently in her possession." Cash awards and the equivalent of cash awards are expendable, but as we construe the property portion of the award, the wife is only given temporary use and possession of those items which are presently in her possession until

permanent alimony, if any, can be determined.

The trial court's award did not make a final adjudication of the parties' property rights, and, therefore, the husband's contention is without merit.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 15, 1978 — DECIDED JANUARY 4, 1979 — REHEARING DENIED JANUARY 23, 1979.

*John H. Calhoun, Jr.,* for appellant.

*Pye, Grover, Edenfield & Daily, Gerald Edenfield,* for appellee.